# EXHIBIT

# "A"

Fulton County Superior Court
***EFILED***TAW
Date: 6/28/2018 12:37 PM
Cathelene Robinson, Clerk

General Civil and Domestic Relations Case Filing Information Form

6/28/2018          ☑ Superior or ☐ State Court of _____ Fulton _____ County    2018CV307119

| For Clerk Use Only | |
|---|---|
| Date Filed | Case Number |
| MM-DD-YYYY | |

**Plaintiff(s)**

Carter Tawana L.
Last        First        Middle I.      Suffix      Prefix

Last        First        Middle I.      Suffix      Prefix

Last        First        Middle I.      Suffix      Prefix

Last        First        Middle I.      Suffix      Prefix

Plaintiff's Attorney _____

**Defendant(s)**

Select Portfolio Serv. Inc. Wells Fargo Bank
Last        First        Middle I.      Suffix      Prefix

Last        First        Middle I.      Suffix      Prefix

Last        First        Middle I.      Suffix      Prefix

Last        First        Middle I.      Suffix      Prefix

Bar Number _____    Self-Represented ☑

### Check One Case Type in One Box

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☑ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Dissolution/Divorce/Separate Maintenance
☐ Family Violence Petition
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Modification
☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
        Case Number                        Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                                    Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Fulton County Superior Court
***EFILED***QW
Date: 6/29/2018 10:45 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

TAWANA L. CARTER
Plaintiff,

Vs.

CIVIL ACTION
FILE NO:   CV- 2018CL307119

SELECT PORTFOLIO SERVICING, INC.
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR FREMONT HOME LOAN TRUST2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,

Defendants

### RULE NISI

WHEREAS, Plaintiff Tawana L. Carter has filed a Complaint for *Emergency Motion for Temporary Restraining Order* ~~Damages~~ and same having been read and considered;

Let the Defendant's appear before the Honorable *Dunaway*, Judge, at

*2:00* a.m/p.m on the *3nd* day

*July*, ~~2015~~ *2018*, in Courtroom *4E* of Defendants Courthouse to

why the prayers of Plaintiff should be granted.

SO ORDERED, this *29th* day of *June*, 2018.

JUDGE
, Superior Court of Fulton County

Please Distribute to :

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a registered agent is Corporate Service Company, 40 Technology Parkway, S., Suite 300, Norcross, Ga. 30092. Wells Fargo Bank, N.A. trustee, et al also has Corporate Service Company as its registered agent.

Fulton County Superior Court
***EFILED***JT
Date: 7/2/2018 1:15 PM
Cathelene Robinson, Clerk

## AFFIDAVIT OF SERVICE

**State of Georgia**              **County of Fulton**              **Superior Court Court**

Case Number: 2018CV307119

Plaintiff:
**Tawana Carter**

vs.

Defendant:
**Select Portfolio Servicing, Inc. Wells Fargo Bank, N.A., As Trustee for Fremont Home Loan Trust2005 RR3, Mortgage Backed Certificates, Series 2005 RR3,**

For:

Received by BT Process Service on the 29th day of June, 2018 at 10:00 am to be served on **Select Portfolio Servicing, Inc. c/o Corporation Service Company, 40 Technology Parkway South Suite 300, Norcross GA.**

I, Berhane Tassaw, being duly sworn, depose and say that on the **29th day of June, 2018 at 12:30 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Verified Petition and Motion For Specific Performance, Injunctive Relief, Request for Declaratory Judgment, Promissory Estoppel, Civil Conspiracy, wrongful Attempted Sale Under Power, Emergency Motion For Temporary Restraining Order, Verification** with the date and hour of service endorsed thereon by me, to: **Alisha Smith** as Registered Agent at the address of: **40 Technology Parkway South Suite 300, Norcross, GA 30092** on behalf of **Select Portfolio Servicing, Inc.**, and informed said person of the contents therein, in compliance with state statutes.

**Description of Person Served:** Age: 40, Sex: F, Race/Skin Color: BLACK, Height: 5'8, Weight: 160, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing.

**Berhane Tassaw**
Process Server

Subscribed and Sworn to before me on the 30th day of June, 2018 by the affiant who is personally known to me.

**NOTARY PUBLIC**

**BT Process Service**
**4514 Chamblee Dunwoody Rd.**
**Ste 231**
**Atlanta, GA 30338**
**(404) 455-1603**

Our Job Serial Number: BTP-2018000073

D BROWN
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
MY COMMISSION EXPIRES MAY 21, 2019

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

```
┌─────────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT     │
└─────────────────────────────────────┘
```

```
TIME   : 07/02/2018 12:41
NAME   :
FAX    : 4042576092
TEL    : 4048555382
SER.#  : U63274J7J491260
```

```
DATE,TIME        07/02  12:41
FAX NO./NAME     8012933936
DURATION         00:00:29
PAGE(S)          01
RESULT           OK
MODE             STANDARD
ECM
```

Fulton County Superior Court
***EFILED***QW
Date: 6/29/2018 10:45 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

TAWANA L. CARTER,
Plaintiff,

Vs.

CIVIL ACTION
FILE NO: CV-2018CV307174

SELECT PORTFOLIO SERVICING, INC.
WELLS FARGO BANK, N.A. AS TRUSTEE
FOR FREMONT HOME LOAN TRUST 2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,

Defendants,

RULE NISI

WHEREAS, Plaintiff Tawana L. Carter has filed a Complaint for Emergency Motion for Temporary Restraining Order Damages and same having been read and considered;

Let the Defendants appear before the Honorable _____ Judge, at _____ a.m/p.m on the 2nd July, 2018 in Courtroom ____ of Defendants Courthouse to why the prayers of Plaintiff should be granted.

SO ORDERED, this 28 day of June, 2018.

Fulton County Superior Court
***EFILED***QW
Date: 6/29/2018 10:45 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

TAWANA L. CARTER
Plaintiff,

Vs.

CIVIL ACTION
FILE NO:  -CV- _2018 CV 307119_

SELECT PORTFOLIO SERVICING, INC.
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR FREMONT HOME LOAN TRUST2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,

Defendants

RULE NISI

WHEREAS, Plaintiff Tawana L. Carter has filed a Complaint-for _Emergency Motion for Temporary Restraining Order_
-Damages and same having been read and considered;

Let the Defendant's appear before the Honorable _Dun a wry_, Judge, at

_2:00_ a.m/p.m)on the _3nd_ day
_July_, 2015, _2018_ in Courtroom _4/F_ of Defendants Courthouse to

why the prayers of Plaintiff should be granted.

SO ORDERED, this _29th_ day of _June_, 2018.

_[signature]_

JUDGE
, Superior Court of Fulton County

Please Distribute to :

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a
registered agent is Corporate Service Company, 40 Technology Parkway, S. , Suite
300, Norcross, Ga. 30092. Wells Fargo Bank, N.A. trustee, et al also has
Corporate Service Company as its registered agent.

TRANSMISSION VERIFICATION REPORT

```
TIME    : 06/29/2018 23:22
NAME    : FEDEX OFFICE        0940
FAX     : 6785661528
TEL     :
SER.#   : U63314M4J871268
```

| DATE,TIME | 06/29  23:21 |
| FAX NO./NAME | 4045015846 |
| DURATION | 00:00:34 |
| PAGE(S) | 01 |
| RESULT | OK |
| MODE | STANDARD |

Fulton County Superior Court
***EFILED***QW
Date: 6/29/2018 10:45 AM
Cathelene Robinson, Clerk

### IN THE SUPERIOR COURT OF FULTON COUNTY
### STATE OF GEORGIA

TAWANA L. CARTER
Plaintiff,

Vs.

CIVIL ACTION
FILE NO:   -CV- _20/8 6V 307 119_

SELECT PORTFOLIO SERVICING, INC.
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR FREMONT HOME LOAN TRUST2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,

Defendants

### RULE NISI

WHEREAS, Plaintiff Tawana L. Carter has filed a Complaint for _Emergency Motion for Temporary Restraining Order_ Damages and same having been read and considered;

Let the Defendant's appear before the Honorable _Deen a wuly_, Judge, at _2:00_ a.m/p.m on the _2nd_ day _2018_ _July_, 2015, in Courtroom _4E_ of Defendants Courthouse to

why the prayers of Plaintiff should be granted.

SO ORDERED, this _29th_ day of _June_, 2018.

_[signature]_

JUDGE
, Superior Court of Fulton County

Please Distribute to :

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a registered agent is Corporate Service Company, 40 Technology Parkway, S., Suite 300, Norcross, Ga. 30092. Wells Fargo Bank, N.A. trustee, et al also has Corporate Service Company as its registered agent.

Fulton County Superior Court
***EFILED***MH
Date: 7/9/2018 4:43 PM
Cathelene Robinson, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

TAWANA CARTER,

    Plaintiff,

      vs.

SELECT PORTFOLIO SERVICE INC., WELLS
FARGO BANK, N.A., AS TRUSTEE FOR
FREMONT HOME LOAN TRUST 2005RR3,

    Defendants.

Civil Action No. 2018CV307119

Honorable Eric K. Dunaway

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

Plaintiff Tawana Carter filed her "Motion for Temporary Restraining Order" (the "Motion")

against Defendants Select Portfolio Service, Inc. and Wells Fargo Bank, N.A., as Trustee for Fremont

Home Loan Trust 2005RR3 on June 28, 2018, asserting, *inter alia*, claims for wrongful foreclosure and

sale of the property located at 115 Parkside Close, Alpharetta, Georgia 30022. Contemporaneous with

the filing of this action, the Court required the parties to appear for a Rule Nisi hearing on the Motion on

July 2, 2018, at 2:00 p.m. Plaintiff filed an Affidavit of Service on July 2, 2018 indicating that effective

service of said Rule Nisi was completed upon Defendant Select Portfolio Service, Inc.'s Registered

Agent on June 29, 2018.

Plaintiff appeared before the Court on July 2, 2018, at 2:00 p.m., pursuant to the Rule Nisi, at

which time Defendants failed to appear. Upon due consideration of the Motion, Plaintiff's oral

argument at the hearing, and the evidence presented, the Court finds that Plaintiff has set forth to show

facts sufficient to warrant the extraordinary relief of a temporary restraining order.

**IT IS HEREBY ORDERED AND ADJUDGED** that the Motion is **GRANTED** as follows:

Defendants are hereby **ORDERED** to stay any and all foreclosure proceedings concerning the property located at 115 Parkside Close, Alpharetta, Georgia 30022 for a period of **30 DAYS** from the date of entry this Order.

     **SO ORDERED**, this 2nd day of July, 2018.

Eric K. Dunaway, Judge
Superior Court of Fulton County
Atlanta Judicial Circuit

Copies to:

Select Portfolio Servicing, Inc.
40 Technology Parkway South, Suite 300
Norcross, GA 30092

Fulton County Superior Court
***EFILED***TAW
Date: 6/28/2018 12:37 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

TAWANA L. CARTER
**Plaintiff,**

Vs.

                            **CIVIL ACTION**      2018CV307119
                            **FILE NO: ~~2015-CV-~~** _____

**Defendants.**
**SELECT PORTFOLIO SERVICING, INC.**
**WELLS FARGO BANK, N.A., AS TRUSTEE**
**FOR FREMONT HOME LOAN TRUST2005 RR3,**
**MORTGAGE BACKED CERTIFICATES, SERIES**
**2005 RR3,**

I

## VERIFIED PETITION AND MOTION FOR SPECIFIC PERFORMANCE, INJUNCTIVE RELIEF, REQUEST FOR DECLARATORY JUDGMENT, PROMISSORY ESTOPPEL ,CIVIL CONSPIRACY, WRONGFUL ATTEMPTED SALE UNDER POWER

**COMES NOW, Tawana L. Carter**, and pursuant to O.C.G.A. §23-3-61, respectfully files her Verified Petition For Injunctive Relief, Request For Declaratory Judgment Pursuant To O.C. G.A.§§ 9-4-2 and 9-11-118, , Specific Performance, Promissory Estoppel

### INTRODUCTION

#### 1.

Plaintiff is over the age of eighteen (18), a resident of the County of Fulton, State of Georgia and resides at 115 Parkside Close, Alpharetta, Ga. 30022.

#### 2.

Plaintiff has unsuccessfully attempted to obtain a modification of her mortgage which was approved for a modification on March 16, 2009 by Bank of America where her payment went from $2,284 per month to $1,000. After making six payments her modification was suddenly denied. Plaintiff contends this is a classic case of promissory estoppel.

Next Plaintiff on March 30, 2012 tried unsuccessfully through a non-profit known as NACA because they claimed she had too much equity in the property.

Plaintiff's third attempt at a modification was in April, 2014 through Trina Harrington at the Rainbow Push Coalition which was denied again.

Plaintiff was denied again by Select Portfolio Servicing, Inc. on Jan. 6, 2015 claiming they would rather foreclose than do a modification.

### 3.

Plaintiff visited the Fulton County Georgia Real Estate Records Department within the Superior Court Clerk's Offices, only to become more confused concerning the secured creditor, and entities who legally have an interest in his real property.

### 4.

Plaintiff brings her action for specific performance to obtain the modification and principle reduction because her home is "under water".

Plaintiff's original loan was for $279,000 at 8% interest on 3/1/2005.

Now Plaintiff owes $331,139.89 and is still paying 8% when a market rate is only 4%.

### 5.

Plaintiff has reason to believe that there may be more than just those listed as Defendants that may claim an interest in her property, but at this time, is unaware of any others.

### 6.

The Public Real Estate Records of Fulton County do not indicate who actually owns the real property which is the subject of this litigation, other than the Plaintiff.

## II.    JURISDICTION AND VENUE

### 7.

Jurisdiction is proper in this Court, because the subject is Title to Real Property located within their County.

8.

There is a dispute over Title to the real property; therefore, jurisdiction is proper, pursuant to O.C.G.A. §44-2-60 "[f]or the purpose of enabling all persons owning real estate within their state to have the title thereto settled and registered [,] the superior court of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon." (Emphasis supplied.) OCGA § 44-2-60 Setlock v. Setlock 286 Ga. 384, 688 SE2d 346 (2010).

9.

Further, under the Georgia Constitution, only the Superior Courts of Georgia have "Equity Jurisdiction" and the power to Grant Injunctions [GA. CONST. ART.6, §4,¶ 1].

10.

Venue is proper under Georgia's Long Arm Statute, as the real property, which is the subject matter is located within Fulton County, Georgia, and all entities conduct business in the state of Georgia.

### III.   THE PARTIES and SUBJECT PROPERTY

11.

Plaintiff, Tawana L. Carter, ("Carters") at all times relevant, is Sui Juris and makes her Complaint upon personal knowledge of the facts alleged herein; Plaintiff has resided at; the legal description of the subject property :

See Exhibit B

12.

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a registered agent is Corporate Service Company, 40 Technology Parkway, S. , Suite 300, Norcross, Ga. 30092. Wells Fargo Bank, N.A. trustee, et al also has Corporate Service Company as its registered agent.

13..

The Defendants, and each of them, had actual knowledge of / and or were in a position that they had constructive knowledge of the acts of the Defendants and each of them; because of the acts complained of herein Defendants were the agents, employees, representatives, partners, officers, principals and/or joint ventures of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the scope, course and purpose of such agency, employment or position, or within the apparent scope, course and purpose of such agency, employment or position and with permission and consent of each of the remaining defendants. Defendants ratified, joined in, acquiesced in, and / or authorized the acts of the other Defendants and have retained the benefits from these acts complained of herein.

## IV.        STATEMENT OF FACTS

### 14.

The Fraud complained of herein was pervasive and perpetrated by Novastar. who was later acquired by Wells Fargo as Trustee, et al . It began with Novastar making a conscious decision to sustain their business by systematically and significantly reducing their underwriting standards to create increasingly complex, confusing and increasingly risky terms for their prospective borrowers. As the entity that supervised the loan file which a broker submitted to them as a Correspondent Lender, Defendant knew to a certainty that loans like the Plaintiff's was unsustainable for the Plaintiff and they knew that if the property value dropped or if a borrower had a income reduction the loan would fail. Thus the Defendant sold many of its loans to Real Estate Mortgage Investment Conduits (REMICS) and /or Trusts to default on a nationwide basis. In the specific case of Tawana L. Carter, Wells Fargo, N.A. trustee, et al. engaged in constructive fraud and  promissory estoppel in their approval of Carter loan , attempts at modification and an approval which she seeks specific performance which was granted on March 15, 2009. In addition, Tawana L. Carter applied for modifications three more times to be turned  down when she was more than qualified. This is a classic example of promissory estoppel. Plaintiff contends she is not in default  as a result of Select Portfolio Servicing, Inc.'s "unclean hands."

### 15.

, Plaintiff Carter purchased her property with Fremont with a subprime predatory loan of $279,000 at 8% interest rate with a payment of $1,645.23 (PI) plus $269.20 (TI). Ms. Carter's loan was a stated income loan and she was made a loan she would never be able to repay. There was a modification that was granted on March 15, 2009 by Bank of America which brought the payment down to $1,000 on a trial modification but the loan was never approved for a final modification. Plaintiff seeks specific performance to get this modification.

## COUNT 1

## PLAINTIFF IS ENTITLED TO DECLARATORY RELIEF

16.

Plaintiff hereby incorporates the foregoing paragraphs 1-15 of this Complaint and restates them as if they were fully written herein..

Plaintiff is entitled to declaratory relief, in that Plaintiff is not in Default and a new Loan Modification Agreement between Plaintiff and Defendants needs to be entered into. Plaintiff qualifies for a loan modification but has been unfairly denied by Defendant.

17.

Plaintiff is entitled to declaration that Defendant Select Portfolio Servicing, Inc. is not the holder of the Note, or entitled to enforce the Note or Security Deed due to a break in the chain of title.

18.

Plaintiff is entitled to a declaratory judgment that Defendant has no right, title or interest in and to the Security Deed, because said security deed was never lawfully assigned to Defendant, as no lawful Assignment exists in the Public Records of the Fulton County Georgia Real Estate Records.

19.

Plaintiff is entitled to a declaratory judgment that Defendant, has "unclean hands" in refusing to accept Plaintiff's tender and due to break in chain of title where Defendant does not have standing to foreclose..

20..

WHEREFORE, Plaintiff prays for the relief in the Final Prayer for Relief.

## COUNT 11

### PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF

21.

Plaintiff hereby incorporates the foregoing paragraphs 1-20 of their Complaint and restates them as if they were fully written herein..

Plaintiff is entitled to a preliminary injunction, and a permanent injunction restraining all defendants from initiating or continuing a foreclosure action, whether judicial or non-judicial against Plaintiff or his property.

22.

Plaintiff is entitled to a preliminary injunction, enjoining all Defendants from (a) initiating or continuing any foreclosure action, judicial or non-judicial, against Plaintiff or against the Property; (b) listing or advertising the Property for sale; (c) selling the Property; or (d) initiating or continuing any dispossessory proceeding against Plaintiff or with respect to the Property; while their action is pending.

23.

Plaintiff is entitled to a permanent injunction, enjoining all Defendants from (a) initiating or continuing any foreclosure action, judicial or non-judicial, against Plaintiff or against the Property; (b) listing or advertising the Property for

sale; (c) selling the Property; or (d) initiating or continuing any dispossessory proceeding against Plaintiff or with respect to the Property.

WHEREFORE, Plaintiff prays for the relief in the Final Prayer for Relief.

## COUNT 111

## PLAINTIFF IS ENTITLED TO SET ASIDE SALE UNDER POWER DUE TO BREAK IN CHAIN OF TITLE IN THE FULTON COUNTY GEORGIA RECORDS ,

24.

Plaintiff asserts that there are several documents recorded in Fulton County, Georgia Records which indicate a break in the chain of title, and Plaintiff is entitled to have such documents cancelled of record.

25.

Plaintiff asserts that there are several breaks in the chain of title recorded in Fulton County, Georgia Records relating to the Plaintiff's real property, and these documents filed on the public records in fairness must be corrected..

26.

Further, Defendant, et al.. lacked a Power of Attorney, or any other authorization to transfer, convey, assign, or sell the beneficial rights of Plaintiff due to "unclean hands" in Defendant's failure to modify Plaintiff's loan. Plaintiff can prove that she is not in default on her mortgage.

27.

Furthermore ,Defendant as grantee, could not legally transfer and assign its right, title, interest, powers, and immunities as a grantee because this designation exceeds its publicly stated authority to act (as it does not hold a beneficial interest in the property); therefore, due to a break in the chain of title. .

28.

Plaintiff is entitled to cancellation of the sale under power due to constructive fraud upon the court by the Defendant in refusing to modify Plaintiff's loan.

WHEREFORE, Plaintiff prays for the relief in the Final Prayer for Relief.

## COUNT IV.

### SPECIFIC PERFORMANCE

### 28.

Plaintiff incorporates and re-alleges the allegations under the Paragraphs 1 through 28.

### 29.

Plaintiff asks the Court to do the following: a) establish an enforceable

Contract or price for Plaintiff's modification based on the March 15, 2009

contract ;  b) adequate consideration, and a just and reasonable contract; c) Plaintiff

did have the ability to meet the guidelines for the modification but Defendant

refused Plaintiff for unknown reasons;  d) Defendant breached the contract;  e)

inadequacy of remedy at law;

### COUNT V

### PROMISSORY ESTOPPEL O.C.G.A. 13-3-44 (a)

### 30..

Defendant has made promises to Plaintiff that are unfulfilled and should be stopped from pursuing it's Foreclosure. Plaintiff applied for a modification two times and was denied at the last moment.

The essential elements of promissory estoppel are codified in   which provides in essence:

> (1) the defendant made a promise or promises;
>
> (2) the defendant should have reasonably expected the plaintiff to rely on such promise;
>
> (3) the plaintiff relied on such promise to (its) detriment; and
>
> (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiff changed (its) position to (its) detriment by surrendering, forgoing, or rendering a valuable right.

The law in their state is well settled, a claim predicated on a theory of promissory estoppel may lie even though the promise was made in a contract that is not legally enforceable. SU-PACIFIC ENTERPRISES v. GIRARDOT, 251 Ga. App. 101, 103 (1) (553 S.E. 2ns 638 (2001). KAMAT v. ALLATOONA FED. SAVINGS BANK, 235 Ga. App. 283,286 (2) (508 S.E. 2d 6666) (1998),  CENTER  V. HUDGENS, 256 Ga. 129, 134-135 (6,7) (345 S.E. 2d 330) (1986).

## COUNT VI.

## VIOLATIONS OF CONSUMER CREDIT PROTECTION ACT (CCPA )

31. Facts to support CCPA argument:  Plaintiff states in her Affidavit (Exhibit B) the following:

32. Plaintiff incorporates and realleges all of the allegations set forth in Paragraphs 1 through 1-31 as if fully set forth herein.

41. Title 15 USC Chapter 41 § 1461(g) states:

> (g) Notice of new creditor
> In addition to other disclosures required by this subchapter, no later
> than 30 days after the date on which a mortgage loan is sold or
> otherwise transferred or assigned to a third party, the creditor that is
> the new owner or assignee of the debt shall notify the borrower in
> writing of such transfer, including -
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf
> of the new creditor;
> (D) the location of the place where transfer of interest in the debt is
> recorded; and
> (E) any other relevant information regarding the new creditor.
> Plaintiffs are entitled to actual and statutory damages as a result of
> the Defendants violation of the Consumer Credit Protection Act.

42. Defendants violated the CCPA by failing refusing to disclose the purported

assignments/transfer of the Promissory Note and DOT.

## COUNT V1111

## VIOLATION OF FEDERAL REGULATIONS, REGULATION X, 12 C.F.R. § 1024.41

### (b)(2)(i)(A)

43. Plaintiff incorporates all of the allegations contained in Paragraphs 1 through 42

herein as if fully set forth herein.

44. Code of Federal Regulations, Regulation X, 12 C.F.R. § 1024.41 (b)(2)(i)(A)

requires that when a bank is made aware of a communication that can reasonably be deemed to

be an application for loss mitigation, the servicer must promptly conduct a review to determine

whether the communication represents a complete or an incomplete application. Re. X, 12 C.F.R.

§ expressly notes, "if a servicer receives a loss mitigation application 45 days or more before a

foreclosure sale, a servicer shall: (A) Promptly upon receipt of a loss mitigation application,

review the loss mitigation application to determine if the loss mitigation application is

complete." Reg. X, 12 C.F.R. § 1024.41 (b)(2)(i)(A).

33..    Defendants Select Portfolio Servicing , Wells Fargo Bank   did not conduct a review to determine whether the Plaintiff's submitted loan modification application represented a complete or an incomplete loan modification application.

34..    Reg. X, 12 C.F.R. § 1024.41(b)(1) requires that when a servicer deems the loss mitigation application to be incomplete, the servicer must act affirmatively to complete the application. The servicer must exercise "reasonable diligence" to obtain any documents and information it claims to require to complete the application.

35.    Reg. X, 12 C.F.R. § 1024.41(b)(1) expressly notes, "[A] complete loss mitigation application means an application in connection with which a servicer has received all of the information that the servicer requires from the borrower in evaluation applications for the loss mitigation options available to the borrower. A servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application." Reg. X, 12 C.F.R. § 1024.41(b)(1).

36.    Defendants Select Portfolio Servicing  and Wells Fargo Bank. did not act affirmatively to complete the Plaintiff's loan modification application and did not exercise reasonable diligence to obtain any documents/information to complete the application.

37.    Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B) requires (1) of the servicer determine that the application for loss mitigation is complete, it must send the borrower a notice acknowledging that the application is complete within five business days of receipt of the application, and (2) The servicer must provide a written notice to the borrower describing the documents and information needed to complete the application.

38.    Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B) expressly notes:

Notify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determine that the loss mitigation application is either complete or inco0mplete. If a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete and the application date pursuant to paragraph (2)(ii) of this section.

45.. Defendant Select Portfolio Servicing and Federal Home Loan Mortgage Corp. did not send the Plaintiff a notice acknowledging that his loan modification application was complete within five days of receipt of the application and did not provide a written notice to Plaintiff or Plaintiff's counsel describing the documents and information needed to complete the application.

46. Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii) requires the written notice outlined in Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B) must include a reasonable date from the Bank by which the homeowner should submit the missing documents and information. Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii) expressly notes, "[T]he notice required pursuant to paragraph (b)(2)(i)(B) of this section must include a reasonable date by which the borrower submit the documents and information necessary to make the loss mitigation application complete."

47. Defendants SELECT PORTFOLIO SERVICING did not (1) provide the written notice outlined in Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(B), and (2) did not provide a reasonable date from the Bank by which the borrower should submit the missing documents and information.

48. As a result of the aforementioned conduct, Defendant SELECT PORTFOLIO SERVICING is in violation of the Code of Federal Regulations , including but not limited to, Reg. X, 12 C.F.R. § 1024.41(b)(2)(i)(A); Reg. X, 12 C.F.R. § 1024.41(b)(1); Reg. X, 12 C.F.R.

§ 1024.41(b)(2)(i)(B); Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii), and is attempting to foreclose on

the Plaintiff's property without any legal authority or standing to do so, and in violation of State

laws which were specifically enacted to protect consumers such as Plaintiff from the type of

abusive, deceptive, and unfair conduct in which Defendant engaged. Defendant's unlawful

conduct has caused Plaintiff's damages in an amount to be proven at trial. Defendants Wells

Fargo Bank as Trustees of their respective securitized trusts are liable for the actions

of the servicer because it is within the scope of said agency relationship.

## COUNT X

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 1692 f (6)

39...Plaintiff incorporates and realleges all of the allegations set forth in Paragraphs 1 through 1-

38 as if fully set forth herein.

40. 15 U.S.C. § 1692 a (6) Section 1692 f (6) directly regulates the conduct of securitity interest

enforcers. A person enforcing a security interest regulates more than just the collection of a

money debt. It prohibits: {t}aking or threatening to take any non-judicial action to effect

dispossession or disablement of property if (A) there is no present right to possession of the

property claimed as collateral through an enforceable security intention to take possession of the

property; or (C) the property is exempt by law from such dispossession or disablement .

    1.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following from this Court:

A.      Order all parties with legal claim to stipulate and provide proof of claim against the above Warranty Deed;

B.      Remove all liens recorded prior to the date of the filing of this action; if said proof cannot be provided:

C.      Silence all clouds to title of those known and unknown.

D.      Allow Plaintiff Action for Specific Performance and a Modification

E.      Allow Plaintiff to recover costs and damages, and allow Attorney's fees as this court sees fit.

Respectfully submitted, this __28__ day of  June , 2018,

                                        By: _Tawana Carter_
                                              Tawana Carter

115 Parkside Close
Alpharetta, Ga. 30022
404-399-0606

SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA
FAMILY DIVISION

Tawana L. Carter.

Civil Action

Petitioner,

v. Select Portfolio Servicing, INC
Wells Fargo Bank, N A ; As Trustee
For Fremont Home Loan, Trustee
Mortgage Backed Certificates, Series 2005 RR3
Respondent.

Case Number    2018CV307119

**VERIFICATION**

I, Tawana L. Carter, personally appeared before the undersigned notary

public and, being duly sworn, state that the facts stated in the foregoing Petition are true and

correct.

This 28 day of ___June___, 2018 (year)

Signature _Tawana L. Carti_

Name: _Tawana L. Carter_

Email: _tawanacarter @ yahoo . com_

IF YOU DO NOT HAVE AN EMAIL ADDRESS, FILL OUT A
*CERTIFICATE OF NO EMAIL ADDRESS*

Telephone No.: _____

Sworn to before me this

___ day of _____, 20__

Notary Public

PUBLIC
COMMISSION
EXPIRES
JULY 28, 2020

Fulton County Superior Court
***EFILED***TAW
Date: 6/28/2018 12:37 PM
Cathelene Robinson, Clerk

4.

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

TAWANA L. CARTER
Plaintiff,

Vs.

CIVIL ACTION   2018CV307119
FILE NO:  -CV-_____

Defendants.
SELECT PORTFOLIO SERVICING, INC..
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR FREMONT HOME LOAN TRUST2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,
### EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW, Plaintiff for Emergency Motion for Restraining Order or ex-parte Temporary Restraining Order against Select Portfolio Servicing, Inc., et al as follows:

1.

Plaintiff is a citizen of Georgia and a resident of Fulton County, Georgia

2.

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a

registered agent is Corporate Service Company, 40 Technology Parkway, S. , Suite

300, Norcross, Ga. 30092. Wells Fargo Bank, N.A. trustee, et al also has

Corporate Service Company as its registered agent.

## FACTUAL ALLEGATIONS

-1-

4.

3.

Plaintiff Tawana L. Carter, purchased the subject property on May 1, 2005. The loan was with a notorious subprime Lender Fremont Investment & Trust. The appraisal was at an inflated amount of $650,000      The loan on 115 Parkside Close, Alpharetta, Ga. 30022  was recorded in Deed Book 39500, Page 567, Fulton County, Georgia on May 1, 2005.

The first time I tried to get a loan modification was on March 15,2009 thru Bank of America. The Bank of America Pres./ Vice Pres. told me she would reduce my $ 2,284 payments to $1,000 for 6 months. About 6 months later the vice pres. denied the $1,000 payment agreement and she refused to send out the paperwork on this agreement.

The second time I tried to get a loan modification was March 30,2012 via NACA in Jacksonville, FL. I was denied because I had to much equity in my home

The third time tried to get a modification was in April 2014.I was working with Trina Herrington (Rainbow Push Coalition). I was denied on July 9,2014 because of the NPV and because I did not have enough income coming into the house. The amount of income was almost $3800 (more than enough for a modification).

The fourth time I was denied a modification was January 06, 2015. I was told that SPS decided it was best to foreclose on my home, The fifth time I tried to get a modification was Feb., 2018. The auction date for my house is July 3, 2018.

5.

4.

Wells Fargo Bank, N.A, as trustee for Fremont Home Loan Trust 2005 RR3 is

not registered with the Secretary of State and does not have authority to conduct

business in Georgia. As a result of a recent title search Defendant does not

have standing to foreclose and thus requiring a Quite Title Action and the

mandatory appointment of a Special Master as required by the Georgia

Supreme Court ruling in the Nelson et al v. Sheriff Youth Homes, Inc., et al

Ga. Supreme Court, No. 509A0609., Nov. 23, 2009 :

9.

The current attempt by Select Portfolio Servicing , to wrongfully foreclose

and convert the equity appreciation of Carter's is a violation of the Fair Debt

Collections Practices Act .

10.

. That chain of title reveals that the threatened foreclosure is unlawful as a

matter of law, and that Defendants' conduct is otherwise unlawful. A true and

correct copy of the Security Deed is attached hereto as EXHIBIT A,

11.

Plaintiff has filed a suit in Superior Court of Fulton County, State of

Georgia, Case Number: _____ against these defendants and equitable

relief stemming from violations of Contractual Breach of Good Faith and Fair

-3-

4.

Dealing, Predatory Lending, Quite Title, Failure to Comply With State Statutes,
Conspiracy, Joint Venture, Promissory Estoppel or Illegal Attempt To Convert and
Fraudulent Misrepresentation, actual fraud and fraud in the inducement, violations
of the Fair Debt Collection Practices Act and other statutory and actual damages.
This Emergency Petition is not filed for the purposes of delay, but to prevent a
Forefeiture of an interest and ownership in real property sought to be obtained on
the basis of fraud and abusive and predatory lending practices. Defendants are
seeking to foreclose on Plaintiff from property located at

12.

Plaintiff sent a   Qualified Written Request for Accounting to Defendants and
they did not  respond.

13.

Defendants have a fiduciary duty and obligation to perform upon notice of
Qualified Written Request and Debt Validation Letter or they are in violation of
the Fair Debt Collection Practices Act.

14..

Any further acts to enforce an invalid security instrument are wrongful,
improper, and a serious breach of the fiduciary duty associated with Defendants
obligations. Such acts violate Federal and State law , and are contrary to the
explicit statutory requirements and contract between the parties.

15..

In the course of this Transaction, the Defendants  engaged in deceptive
business   practices and are in violation of Georgia's Unfair and Deceptive

-4-

4.

Business Practices Act..

16..

Defendant engaged in deceptive business practices by offering to give Plaintiff a modification on March 15, 2009. In addition , Plaintiff made six payments and then was put into foreclosure. Plaintiff has put substantial improvements into the property and then foreclosing on a loan that is not in default. Plaintiff had the ability to tender and did try to tender the mortgage payment.    This is a classic case of unjust enrichment,  conspiracy, conversion, theft by deception, promissory estoppel.  Plaintiff contends Defendant has acted with total disregard for the law.  A recent Georgia Supreme Court decision You v. J.P. Morgan Chase, July 12, 2013 has set in motion a rash of wrongful foreclosure by making Georgia the easiest and fastest state to carry out a non-judicial foreclosure.   In this particular case, Tawanda Carter, has the abiltity and funds to tender but Select Portfolio Servicing, Inc. has "unclean hands" and would rather foreclose than accept tender.

17.

Defendant, Tawanda  Carter qualifies for a modification and has been approved on March15, 2009 put Defendant engaged in promissory estoppel

18.

The transaction was not in good faith nor was a fair dealing and was secured through fraud in the inducement and actual fraud. Plaintiff were victim's of a predatory lending  and contends Defendant's lack standing to foreclose as there has been a break in the chain of title of the security interests.

§ 1024.41(b)(2)(i)(B); Reg. X, 12 C.F.R. § 1024.41(b)(2)(ii), and is attempting to foreclose on

the Plaintiff's property without any legal authority or standing to do so, and in violation of State

laws which were specifically enacted to protect consumers such as Plaintiff from the type of

abusive, deceptive, and unfair conduct in which Defendant engaged. Defendant's unlawful

conduct has caused Plaintiff's damages in an amount to be proven at trial. Defendants Wells

Fargo Bank as Trustees of their respective securitized trusts are liable for the actions

of the servicer because it is within the scope of said agency relationship.

## COUNT X

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT 1692 f (6)

39...Plaintiff incorporates and realleges all of the allegations set forth in Paragraphs 1 through 1-

38  as if fully set forth herein.

40. 15 U.S.C. § 1692 a (6) Section 1692 f (6) directly regulates the conduct of securitity interest

enforcers. A person enforcing a security interest regulates more than just the collection of a

money debt. It prohibits: {t}aking or threatening to take any non-judicial action to effect

dispossession or disablement of property if (A) there is  no present right to possession of the

property claimed as collateral through an enforceable security intention to take possession of the

property; or (C) the property is exempt by law from such dispossession or disablement .

1.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests the following from this Court:

4.

19.

Based on the above violations of State Law Claims of Fraud and Fraud in the inducement, and the principals of equity, Plaintiff seeks an Order staying any state court non-judicial foreclosure proceedings including but not limited to the foreclosure and potential sale of the subject property during the pendency of this action.

20.

With proper notice of a break in the chain of title and Quite Title Action, any security interest which Defendants had or will have in Plaintiff's residence is now being contested. Defendants have no valid interest upon which to foreclose.

21.

Plaintiff has plead multiple causes of actions of State law supported by facts and evidence in his pending state suit.

22.

The facts support a decision in favor of Plaintiff.

23.

Under O.C.G.A. §§ 9-5-1 and 9-11-65, this Court may grant a Temporary Restraining Order/ Interlocutory Injunctive Relief.

24..

Defendants have threatened foreclosure and there is the potential that the subject property could be sold to a third party during the pendency of this Action.

25..

4.

Plaintiff has no adequate remedy at law.  Plaintiff is facing foreclosure on July 3, 2018.

26.

Plaintiff seeks a temporary and permanent Restraining Order to bar Defendants from proceeding with a non-judicial foreclosure sale until this case has been concluded in Superior court.

27.

A temporary injunction/interlocutory injunctive relief would maintain the status and prevent irreparable harm.

WHEREFORE, Plaintiff prays

(1) For Interlocutory Injunctive Relief in the form of a Temporary Restraining Order to forbid Defendants from foreclosing on Plaintiff's residence, the subject property located at 115 Parkside Close, Alpharetta, Ga. 30022.. until her complaint for specific performance and issues of promissory estoppel have been adjudicated.

Respectfully,

Tawana Carter, Pro Se

115 Parkside Close

Alpharetta, Ga. 30022

404-399-0606

-7-

SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA
FAMILY DIVISION

_Tawana L. Carter_,

        Petitioner,

Civil Action

v. Select Portfolio Servicing, Inc.
Wells Fargo Bank, N.A. As Trustee
For Freemont Home Loan Trustee 2005
Mortgage Backed Certificates, Series
        Respondent.  2005 RR3

Case Number 2018CV307119

**VERIFICATION**

I, _Tawana L. Carter_, personally appeared before the undersigned notary

public and, being duly sworn, state that the facts stated in the foregoing Petition are true and

correct.

This 28 day of _June_ , _2018_ (year)

         _Tawana L. Carter_
         Signature
         Name: _Tawana L. Carter_
         Email: _tawanacarter@yahoo.com_

         **IF YOU DO NOT HAVE AN EMAIL ADDRESS, FILL OUT A**
         **_CERTIFICATE OF NO EMAIL ADDRESS_**

         Telephone No.: _____

Sworn to before me this

_20_ day of _June_

_2018_

Notary Public

YASHIKA RETINA JONES
NOTARY PUBLIC
COMMISSION EXPIRES
JULY 28, 2020
DEKALB COUNTY, GEORGIA

Fulton County Superior Court
***EFILED***JT
Date: 7/2/2018 1:15 PM
Cathelene Robinson, Clerk

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of Fulton**                    **Superior Court Court**

Case Number: 2018CV307119

Plaintiff:
**Tawana Carter**

vs.

Defendant:
**Select Portfolio Servicing, Inc. Wells Fargo Bank, N.A., As Trustee for Fremont Home Loan Trust2005 RR3, Mortgage Backed Certificates, Series 2005 RR3,**

For:

Received by BT Process Service on the 29th day of June, 2018 at 10:00 am to be served on **Select Portfolio Servicing, Inc. c/o Corporation Service Company, 40 Technology Parkway South Suite 300, Norcross GA.**

I, Berhane Tassaw, being duly sworn, depose and say that on the **29th day of June, 2018 at 12:30 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Verified Petition and Motion For Specific Performance, injunctive Relief, Request for Declaratory Judgment, Promissory Estoppel, Civil Conspiracy, wrongful Attempted Sale Under Power, Emergency Motion For Temporary Restraining Order, Verification** with the date and hour of service endorsed thereon by me, to: **Aiisha Smith** as Registered Agent at the address of: **40 Technology Parkway South Suite 300, Norcross, GA 30092** on behalf of **Select Portfolio Servicing, Inc.**, and informed said person of the contents therein, in compliance with state statutes.

**Description of Person Served:** Age: 40, Sex: F, Race/Skin Color: BLACK, Height: 5'8, Weight: 160, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing.

Subscribed and Sworn to before me on the 30th day of June, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

D BROWN
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
MY COMMISSION EXPIRES MAY 21, 2019

**Berhane Tassaw**
Process Server

**BT Process Service**
**4514 Chamblee Dunwoody Rd.**
**Ste 231**
**Atlanta, GA 30338**
**(404) 455-1603**

Our Job Serial Number: BTP-2018000073

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

TRANSMISSION VERIFICATION REPORT

```
TIME   :  07/02/2018 12:41
NAME   :
FAX    :  4042576092
TEL    :  4048555302
SER.#  :  U63274J7J491250
```

```
DATE,TIME          07/02  12:41
FAX NO./NAME       8012933936
DURATION           00:00:29
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```

Fulton County Superior Court
***EFILED***QW
Date: 6/29/2018 10:45 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA.

TAWANA L. CARTER
Plaintiff,

Vs.

CIVIL ACTION
FILE NO:   CV-2018CV307719

SELECT PORTFOLIO SERVICING, INC.
WELLS FARGO BANK, N.A.
FOR FREMONT HOME LOAN
TRUST 2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,

Defendants.

RULE NISI

WHEREAS, Plaintiff Tawana L. Carter has filed a Complaint for [illegible]

[illegible] and same having been read and considered;

Let the Defendants appear before the Honorable _____ Judge, at

[illegible] am/pm on the ___ of ___ 2018, in Courtroom ____ of Defendants Courthouse to

why the prayers of Plaintiff should be granted.

SO ORDERED, this 29 day of June, 2018.

[signature]

Fulton County Superior Court
***EFILED***QW
Date: 6/29/2018 10:45 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

TAWANA L. CARTER
Plaintiff,

Vs.

CIVIL ACTION
FILE NO: -CV- 2018 W 307119

SELECT PORTFOLIO SERVICING, INC.
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR FREMONT HOME LOAN TRUST 2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,

Defendants

RULE NISI

WHEREAS, Plaintiff Tawana L. Carter has filed a Complaint for *Emergency Motion for Temporary Restraining Order* -Damages and same having been read and considered;

Let the Defendant's appear before the Honorable _Oun a witty_, Judge, at

_2:00_ a.m/p.m on the _3nd_ day _July_, 2013, in Courtroom _4F_ of Defendants Courthouse to

_2018_

why the prayers of Plaintiff should be granted.

SO ORDERED, this _29th_ day of _June_, 2018.

_____
JUDGE
, Superior Court of Fulton County

Please Distribute to :

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a registered agent is Corporate Service Company, 40 Technology Parkway, S, , Suite 300, Norcross, Ga. 30092. Wells Fargo Bank, N.A. trustee, et al also has Corporate Service Company as its registered agent.

TRANSMISSION VERIFICATION REPORT

```
TIME   :  06/29/2018 23:22
NAME   :  FEDEX OFFICE      0840
FAX    :  6785661628
TEL    :
SER. # :  U63314M4J871258
```

```
DATE,TIME              06/29  23:21
FAX NO./NAME           4046015846
DURATION               00:00:34
PAGE(S)                01
RESULT                 OK
MODE                   STANDARD
```

Fulton County Superior Court
***EFILED***QW
Date: 6/29/2018 10:45 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

TAWANA L. CARTER
Plaintiff,

Vs.

CIVIL ACTION
FILE NO:   -CV- $\underline{2018\ CV\ 307119}$

SELECT PORTFOLIO SERVICING, INC.
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR FREMONT HOME LOAN TRUST2005 RR3,
MORTGAGE BACKED CERTIFICATES, SERIES
2005 RR3,

Defendants

### RULE NISI

WHEREAS, Plaintiff Tawana L. Carter has filed a Complaint for _Emergency Motion for Temporary Restraining Order_
Damages and same having been read and considered;

Let the Defendant's appear before the Honorable _Diane Bessen_, Judge, at

_2:00_ a.m/p.m on the _2nd_ day
_2018_
_July_, 2015, in Courtroom _4E_ of Defendants Courthouse to

why the prayers of Plaintiff should be granted.

SO ORDERED, this _29th_ day of _June_____, 2018.

_____
JUDGE
, Superior Court of Fulton County

Please Distribute to :

Defendant, Select Portfolio Servicing, Inc. is a foreign corporation with a
registered agent is Corporate Service Company, 40 Technology Parkway, S., Suite
300, Norcross, Ga. 30092. Wells Fargo Bank, N.A. trustee, et al also has
Corporate Service Company as its registered agent.

Fulton County Superior Court
***EFILED***MH
Date: 7/9/2018 4:43 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

TAWANA CARTER,

    Plaintiff,

    vs.

SELECT PORTFOLIO SERVICE INC., WELLS
FARGO BANK, N.A., AS TRUSTEE FOR
FREMONT HOME LOAN TRUST 2005RR3,

    Defendants.

Civil Action No. 2018CV307119

Honorable Eric K. Dunaway

### ORDER GRANTING TEMPORARY RESTRAINING ORDER

Plaintiff Tawana Carter filed her "Motion for Temporary Restraining Order" (the "Motion") against Defendants Select Portfolio Service, Inc. and Wells Fargo Bank, N.A., as Trustee for Fremont Home Loan Trust 2005RR3 on June 28, 2018, asserting, *inter alia*, claims for wrongful foreclosure and sale of the property located at 115 Parkside Close, Alpharetta, Georgia 30022. Contemporaneous with the filing of this action, the Court required the parties to appear for a Rule Nisi hearing on the Motion on July 2, 2018, at 2:00 p.m. Plaintiff filed an Affidavit of Service on July 2, 2018 indicating that effective service of said Rule Nisi was completed upon Defendant Select Portfolio Service, Inc.'s Registered Agent on June 29, 2018.

Plaintiff appeared before the Court on July 2, 2018, at 2:00 p.m., pursuant to the Rule Nisi, at which time Defendants failed to appear. Upon due consideration of the Motion, Plaintiff's oral argument at the hearing, and the evidence presented, the Court finds that Plaintiff has set forth to show facts sufficient to warrant the extraordinary relief of a temporary restraining order.

**IT IS HEREBY ORDERED AND ADJUDGED** that the Motion is **GRANTED** as follows:

1

Defendants are hereby **ORDERED** to stay any and all foreclosure proceedings concerning the property located at 115 Parkside Close, Alpharetta, Georgia 30022 for a period of **30 DAYS** from the date of entry this Order.

    **SO ORDERED**, this 2nd day of July, 2018.

Eric K. Dunaway, Judge
Superior Court of Fulton County
Atlanta Judicial Circuit

Copies to:

Select Portfolio Servicing, Inc.
40 Technology Parkway South, Suite 300
Norcross, GA 30092