IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAWANA L. CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., AND WELLS FARGO BANK, N.A., AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2005 RR3, MORTGAGE BACKED CERTIFICATE SERIES 2005 RR3,[1]<br><br>    Defendants. | Case No:<br>1:18-cv- 03608-MHC-JSA |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW, Select Portfolio Servicing, Inc. ("SPS") and Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC 2005-FR3, Mortgage Pass-Through Certificates, Series 2005-FR3 ("Wells Fargo" and collectively, as the "Defendants") and files their Memorandum of Law

---

[1] This Defendant is incorrectly identified in the style of this case. The correct party to this case is Wells Fargo Bank, National Association as Trustee for Securitized Asset Backed Receivables LLC 2005-FR3 Mortgage Pass-Through Certificates, Series 2005-FR3.

1

in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully show this Honorable Court as follows:

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This action constitutes the second of Plaintiff's attempts to stall foreclosure of the property located at 115 Parkside Close, Alpharetta, Georgia 30022 (the "Property"). On February 22, 2005, Plaintiff obtained a loan to purchase the Property and secured its repayment through a Security Deed recorded on March 1, 2005 in Deed Book 39500, pages 567 Fulton County, Georgia records (the "Loan" and "Security Deed" respectively).[2] A true and correct copy of the Security Deed is attached as **"Exhibit A."** The Security Deed was ultimately assigned to Wells Fargo, as evidenced by the Corporate Assignment of Security Deed recorded on January 26, 2018, at Deed Book 58406, page 672, Fulton County, Georgia records (the "Assignment"). A true and correct copy of the Assignment is attached as **"Exhibit B."**

On January 9, 2015, Plaintiff filed a Complaint in the Superior Court of Fulton, County, Georgia, that was ultimately removed to this court and assigned

---

[2] "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment . . . . Public records are among the permissible facts that a district court may consider." Univ. Express, Inc. v. S.E.C., 177 F. App'x. 52, 53 (11th Cir. 2006).

Civil Action Number 1:15-cv-00410 (*Carter I*).³ *Carter I* sought to prevent an impending foreclosure by challenging an assignment of the Security Deed and demanding modification of the repayment terms thereunder as a matter of law. These arguments were readily dispensed with by an Order from this Court which adopted the Report and Recommendation to dismiss the case for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Carter I* [Docs. 14 and 16].

On June 28, 2018, Plaintiff filed the instant action in the Superior Court of Fulton County. In identical fashion to her previous litigation,⁴ Plaintiff's present Complaint recites an extensive list of conclusory statements, sparsely punctuated with statutory citations and completely devoid of facts. Though she has formatted her pleading over the course of eleven counts, each of these repeats the same underlying claims and mirrors her averments in *Carter I*.

Namely Plaintiff alleges that "Defendant, as grantee, could not legally transfer and assign its rights," and that Plaintiff "is entitled to cancellation of the sale under power due to . . . failure to modify [her loan]." [Doc. 1-1 ¶¶ 27, 28]; *Catrter I,* (Doc. 1-1).  As neither of these allegations state a legal claim, and both

---

³ Pursuant to Fed. R. Evid. 201(c)(2), Defendants respectfully request that this Court take judicial notice of all filings from Carter I and of Plaintiff's prior bankruptcy cases as cited and referenced herein.
⁴ Entire pages of the Complaint in this action are wholly identical to the Complaint in *Carter I* and bear marks of reproduction including the civil action number prefix from the year of its filing in Fulton County Superior Court.

3

operate substantively and factually upon the same Security Deed and circumstances in *Carter I*, the Complaint must be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

A.   STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

B.   **PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA**

The Eleventh Circuit has held "that federal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question

4

jurisdiction." *CSX Transp., Inc. v. Bhd. of Maint. of Way Emps.*, 327 F.3d 1309, 1316 (11th Cir. 2003) (citations omitted). Under federal preclusion principles,

> "a party seeking to invoke the doctrine must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action."

*In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001)

This Court is permitted to take judicial notice of filings and orders in prior cases in order to determine whether *res judicata* bars a subsequent case, without converting a motion to dismiss to one for summary judgment. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *see also Nelson v. U.S.*, 64 F. Supp. 2d 1318, 1321 (N.D. Ga. 1999) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)). As such, this Court can look to *Carter I* to determine whether *res judicata* applies. Undoubtedly, all of the factors are satisfied here:

1)   The decision in *Carter I* was rendered by this Court following removal of the action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

2)   This Court's final Judgment in *Carter I*, was one on the merits. The prior decision was rendered by this Court and dismissed all claims with prejudice in response to a 12(b)(6) motion to dismiss. Specifically, the final order in *Carter I* declared that the Report and Recommendation of the Magistrate Judge was

approved and adopted and order directed that "Defendants' Motion to Dismiss (Doc. 6) be GRANTED . . . and that this case be Dismissed."

3) Third, the parties to this action are identical to those in *Carter I*. As noted hereinabove, Plaintiff has reused portions of her prior complaint, including the first page of the action where she has stricken through the printed case style. *See* fn. 3 *supra*.

4) Finally, this case involves the same "cause of action" as *Carter I*. In assessing whether the same causes of action are involved in multiple cases, the Court "must examine the factual issues that must be resolved in the second suit and compare them with the issues explored in the first case." In re Piper Aircraft Corp., 244 F.3d 1289, 1299 (11th Cir. 2001) (quoting Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1357-58 (11th Cir. 1998)). Specifically, it must be determined whether the second case involves "legal theories and claims arising out the same operative nucleus of fact." Id. This factor is clearly satisfied here.

In *Carter I,* Plaintiff argued against the foreclosure of the Property by claiming entitlement to a modification of the Security Deed as a matter of law. She presents the same argument in her present Complaint by submitting a photocopied entry of the first seven pages of her previous filing. Similarly, she seeks in both actions, to challenge the rights of assignment of the Security Deed

offering the same justification as in her first unsuccessful pleading. While filed several years later and augmented with additional meritless counts all of Plaintiff's instant claims arise out of the same facts that were before this Court in *Carter I*. Accordingly, both cases arise out of the same nucleus of operative fact, and this Court should find that this action is barred by *res judicata* and dismiss this case with prejudice.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted, this 3rd day of August 2018.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar # 720572)
>COREY T. ROTHSCHILD (GA Bar #604149)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (telephone)
>(404) 921-9016 (facsimile)
>bchaness@rubinlublin.com
>crothschild@rubinlublin.com
>
>*Attorneys for Defendants*

## **FONT CERTIFICATION**

In accordance with LR 7.1(D) the undersigned counsel hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in compliance with LR 5.1(B).

This 3rd day of August 2018.

                                             */s/ Bret J. Chaness*
                                             BRET J. CHANESS (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 3rd day of August 2018, served all parties the within and foregoing by placing a true and correct copy of same in the United States Mail, with first-class postage affixed thereto, properly addressed as follows:

Tawana L. Carter
115 Parkside Close
Alpharetta, GA 30022

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar # 720572)