IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAWANA L. CARTER, | : | CIVIL ACTION NO. |
| | : | 1:18-CV-3608-MHC-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SELECT PORTFOLIO SERVICING, | : | |
| INC., and WELLS FARGO BANK, | : | |
| N.A. as Trustee for Fremont Home | : | |
| Loan Trust 2005 RR3, Mortgage | : | |
| Backed Certificates, Series 2005 RR3, | : | **ORDER AND FINAL REPORT** |
| | : | **AND RECOMMENDATION ON A** |
| Defendants. | : | **MOTION TO DISMISS** |

Plaintiff Tawana L. Carter, proceeding *pro se*, filed the above-captioned action in the Superior Court of Fulton County on June 28, 2018, and the Defendants removed the action to this Court on July 27, 2018. *See* Notice of Removal [1]. Plaintiff has filed this action to challenge the Defendants' apparent efforts to foreclose on her property, and to enforce alleged promises of a loan modification.

The action is now before the Court on the Defendants' Motion to Dismiss [2] and the Defendants' Motion to Stay Discovery and Pretrial Deadlines [3]. In the Motion to Dismiss, Defendants have moved to dismiss this action in is entirety on the ground of *res judicata*, arguing that Plaintiff's claims are barred by the 2015 dismissal of a previous action she filed against Defendants. Plaintiff has failed to file any response to the Motion to Dismiss, indicating that she does not oppose the

motion. *See* LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). The Court has nevertheless reviewed the merits of the motion and agrees with Defendants that the Plaintiff's claims are barred by *res judicata*. Accordingly, for the reasons discussed below, the undersigned **RECOMMENDS** that the Defendants' Motion to Dismiss [2] be **GRANTED**, and that all claims in this action be **DISMISSED**. In addition, the Defendants' Motion to Stay Discovery and Pretrial Deadlines [3] is **GRANTED**.

## I.      BACKGROUND

### A.      *Plaintiff's Prior Action*

On January 9, 2015, Plaintiff filed a lawsuit in the Superior Court of Fulton County, Georgia, against Defendants Select Portfolio Servicing, Inc. ("SPS") and Wells Fargo Bank, N.A., as trustee for Fremont Home Loan Trust 2005 RR3, Mortgage Backed Certificates, Series 2005 RR3 ("Wells Fargo"). *See Carter v. Select Portfolio Servicing, Inc.*, Civil Action No. 1:15-CV-410-MHC-JSA, NDGa ("*Carter I*") (Complaint (Doc. 1-1), Report and Recommendation (Doc. 14), Order of Dismissal (Doc. 16)). On February 11, 2015, the Defendants removed *Carter I* to this Court on the basis of diversity jurisdiction. *See Carter I* Notice of Removal (Doc. 1).

In *Carter I*, Plaintiff alleged that she had been approved on March 15, 2009 by Bank of America for a loan modification for her mortgage but that this

modification was "suddenly denied" after she made six payments. *Carter I* Comp. at 10. Plaintiff characterized this action as "a classic case of promissory estoppel." *Id*. Plaintiff alleged various other attempts she made to obtain a loan modification, culminating in a denial by Defendant SPS on January 6, 2015, which stated that it "would rather foreclose than do a modification." *Id.* at 11. Plaintiff also alleged in *Carter I* that she had become confused from a review of Fulton County records as to what entity actually qualified as her secured creditor. *Id*.

Thus, Plaintiff sought a declaratory judgment and injunction, as well as specific performance, seeking to enforce the loan modification that she alleges she was entitled to, and seeking to divest Defendants of any right to foreclosure. Plaintiff argued that "because said security deed was never lawfully assigned to Defendant . . . no lawful Assignment exists in the Public Records of the Fulton County Georgia Real Estate Records." *Id*. Plaintiff also brought claims of civil conspiracy and "promissory estoppel." *Id*. at 10-21.

The Defendants filed a motion to dismiss in *Carter I*, and on November 30, 2015, the undersigned recommended that the motion be granted on the ground that the Complaint failed to state a claim for relief as a matter of law. *Carter I* Report and Recommendation (Doc. 14). The District Judge adopted the recommendation and dismissed the Complaint on December 23, 2015. *Carter I* Order of Dismissal (Doc. 16).

3

B.     *Plaintiff's Complaint in the Current Action*

As noted above, Plaintiff filed the instant action in the Superior Court of Fulton County on June 28, 2018. Unlike *Carter I*, the Complaint in this case includes claims under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1641; Regulation X, 12 C.F.R. § 1024.41(a), promulgated under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et al.*; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. Thus, the Defendants removed again, this time based on federal question jurisdiction under 28 U.S.C. § 1331.

The Complaint in this case includes nearly the same verbatim background, factual allegations, and several of the same claims as *Carter I*, including the same description of Plaintiff's various unsuccessful efforts to obtain a modification of her loan; Defendants' refusal to allow a modification in 2015 because they "would rather foreclose"; the same explanation of the supposed deficiencies in the assignment history and/or "break in chain of title"; and claims for promissory estoppel, specific performance, injunction, and declaratory judgment. *See* Comp. [1-1] at 11-24.

In addition, Plaintiff asserts the following additional claims not previously included in *Carter I*: violations of the Consumer Credit Protection Act (on the basis that the Defendants "refus[ed] to disclose the purported assignments/transfer of the Promissory Note and DOT"); Regulation X under RESPA (based on the Defendants'

conduct regarding the mortgage loan modification applications described above), and the FDCPA (based on Defendants' threats to foreclose on security interests).

## II.    DISCUSSION

### A.    *Standard on a Motion to Dismiss*

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Defendants have moved to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss" the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

Although the Supreme Court requires a plaintiff to allege sufficient facts to state a plausible claim for relief, because Plaintiff is proceeding *pro se* in this case, the Complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*; *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even though a *pro se* complaint is held to less stringent standards than formal pleadings drafted by attorneys, "the Court need not

6

accept as true legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006).[1]

As noted above, a court ordinarily cannot consider matters outside the pleadings when evaluating a motion to dismiss under Rule 12(b)(6), but when a plaintiff has referred to documents in the complaint and such documents are central to the plaintiff's claims, a court may consider those documents as part of the pleadings in the case and may consider them in resolving a Motion to Dismiss. *See Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for the purposes of Rule 12(b)(6) dismissal").

Moreover, the Court may also take judicial notice of the records in the Plaintiff's prior action in resolving the Defendants' Motions to Dismiss. *See*

---

[1] The Court is also required to provide a *pro se* litigant an opportunity to replead a deficient complaint before dismissal, unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (explaining that a district court should give a *pro se* plaintiff an opportunity to amend his complaint if such amendment would not be futile). In this case, as explained below, the deficiencies in Plaintiff's Complaint do not consist simply of insufficient or vague facts or other matters that could be cured in an amended pleading. Thus, any opportunity to amend these claims would be futile and dismissal is appropriate.

*Horne v. Potter*, 392 Fed. App'x 800, 802 (11th Cir. 2010) (*per curiam*) (noting that a district court may take judicial notice of public records that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned") (*citing* Fed. R. Evid. 201(b).)); *Tuscano v. Evening Journal Assoc.*, 179 Fed. App'x 621, 623 n.3 (11th Cir. 2006).

B.    *Res Judicata*

In the Motion to Dismiss, the Defendants argue that the Plaintiff's claims in this action must be dismissed under the *res judicata* doctrine. Under the principle of *res judicata*, or claim preclusion, a final judgment on the merits in a civil action operates to preclude a party, or those in privity with that party, from re-litigating in a subsequent proceeding issues that were or could have been raised in the original action. *Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398 (1981); *see Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

The *res judicata* doctrine is "a rule of fundamental and substantial justice, of public policy and of private peace," operating to protect defendants against duplicative litigation over the same claims, and accordingly, may not be overridden based on equitable considerations. *Federated Dep't Stores,* 452 U.S. at 401 (internal quotation omitted). "The doctrine of *res judicata* is one of finality, providing that a final judgment rendered by a court of competent jurisdiction on the merits is

8

conclusive as to the rights and responsibilities of the parties and their privies. As to the parties in the prior proceeding and their privies, *res judicata* constitutes an absolute bar to a subsequent judicial proceeding involving the same cause of action." *Baptiste v. IRS*, 29 F.3d 1533, 1539 (11th Cir. 1994).

Federal courts apply state law to questions of *res judicata*. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990). In Georgia, the doctrine of *res judicata* applies if the following four elements are present: (1) there is a final judgment on the merits in the first action; (2) the first decision was rendered by a court of competent jurisdiction; (3) the parties to both actions, or those in privity with them, are identical; and (4) the causes of action in both suits are identical, or the claims asserted in both suits arise out of the same events or the same nucleus of facts. *Laskar v. Peterson*, 771 F.3d 1291, 1300 (11th Cir. 2014); *Pleming*, 142 F.3d at 1356-57. Significantly, *res judicata* does not bar only those claims actually raised in the first suit; it also bars those claims which the plaintiff could have raised in the prior suit, if those claims arise out of the same transactions or events at issue in the prior suit. *See O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1355 (11th Cir. 2000). A court may consider the defense of *res judicata* in a motion to dismiss filed pursuant to Rule 12(b)(6) when the existence of the defense can be judged from the face of the complaint. *Starship Enter. of Atlanta, Inc. v. Coweta Cnty.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013).

In this case, Plaintiff does not contest that *res judicata* bars all of her claims, and it appears to the Court that the claims are clearly barred. On its face, the first three elements of *res judicata* apply, as *Carter I* reached a final judgment, by a Court of competent jurisdiction, and involved the same parties that are the litigants in this case. As for the fourth and final element, many of the claims are reproduced nearly verbatim from the Complaint in *Carter I* and therefore clearly are barred. This Complaint does contain new federal claims, as explained above. But a review of the Complaint shows, and Plaintiff does not dispute, that these new claims are based on the same transactions or events in the prior suit and could have been brought in that suit. Indeed, each of these claims incorporates the same factual allegations that are reproduced nearly verbatim from *Carter I*.

Thus, in *Carter I*, Plaintiff asserted, and the Court rejected, her meritless theory challenge to Defendants' standing to foreclose based on a purported "break" in the chain of title and/or flawed assignments. Plaintiff's attempt to bring additional claims under the CCPA and the FDCPA based on this same set of events is barred. Likewise, in *Carter I*, Plaintiff brought several meritless claims based on Defendants' alleged conduct in failing to modify her loan and engaging in foreclosure instead. Plaintiff could have brought a RESPA/Regulation X challenge in *Carter I*, and her attempt to do so now based on the same factual circumstances at issue in *Carter I* is not permitted. Accordingly, the Court finds that all of the

Plaintiff's claims asserted in this action are subject to dismissal on the ground of *res judicata* or claim preclusion.

      C.    *Defendants' Motion to Stay*

Defendants have also filed a "Motion to Stay Discovery and Pretrial Deadlines" [3] ("Motion to Stay"). Defendants request that the Court stay discovery and pretrial deadlines until the Court issues a final ruling on the pending Motion to Dismiss. Plaintiff has failed to file any response to the Motion to Stay, indicating that she does not oppose the motion. *See* LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). Accordingly, the Defendants' Motion to Stay [3] is **GRANTED** as unopposed.

The Local Rules of this Court provide that the discovery period commences thirty days after the first defendant appears by filing an answer. LR 26.2, NDGa. In this case, because no Defendant has filed an answer, discovery has not begun, and the Defendants' request to stay discovery is premature. The Defendants have also requested a stay of "pretrial deadlines." Defs. Mot. at 1. The deadline for the parties to complete the Rule 26(f) early planning conference is **STAYED** until sixteen (16) days after the Court issues a final ruling on the Defendants' Motion to Dismiss, if such ruling is not dispositive of all claims. *See* LR 16.1, NDGa (the early planning conference must be held within sixteen days after the appearance of a defendant by answer or motion). The deadlines for the parties to serve the Initial Disclosures and

file the Joint Preliminary Report and Discovery Plan are also **STAYED** until thirty (30) days after the Court issues a final ruling on the Defendants' Motion to Dismiss, if such ruling is not dispositive of all claims. *See* LR 26.1, NDGa (parties must serve initial disclosures required by Rule 26(a)(1) within thirty days after the appearance of a defendant by answer or motion); LR 16.2, NDGa (the Joint Preliminary Report and Discovery Plan must be filed within thirty days after the appearance of the first defendant by answer or motion).

## III.  CONCLUSION AND RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that the Defendants' Motion to Dismiss [2] be **GRANTED**, and that all claims in this action be **DISMISSED**. The Defendants' Motion to Stay Discovery and Pretrial Deadlines [3] is **GRANTED**.

As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 30th day of August, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE